UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TYRE GRINAGE, )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>CIRCLE K STORE #820 and TRAVEL INSURANCE, )<br>)<br>*Defendants*. ) | No. 4:20-cv-00232-JMS-DML |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*
AND SCREENING COMPLAINT**

Pending before the Court are *pro se* Plaintiff Tyre Grinage's Complaint, [Filing No. 1], and Motion to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order first addresses Mr. Grinage's Motion to Proceed *In Forma Pauperis*, then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.
MOTION TO PROCEED *IN FORMA PAUPERIS***

Under 28 U.S.C. § 1915(a), the Court is authorized to permit a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Grinage's Motion to Proceed *In Forma Pauperis*, [Filing No. 2], meets this standard, and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without pre-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original).

The Court does not have the authority to waive the filing fee, and it remains due despite Mr. Grinage's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, at *2 (C.D. Ill. June 30, 2016). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $400 filing fee includes a $50 administrative fee, but that the administrative fee "does not apply to . . . persons granted *in forma pauperis* status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, under Federal Rule of Civil Procedure 12(b)(1), courts have an obligation to dismiss a complaint if the court does not have subject-matter jurisdiction over the claims asserted in the complaint. *Pro se* complaints such as that filed by Mr.

Grinage are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal citation omitted).

### B. Complaint

The following are the factual allegations in the Complaint, which the Court accepts as true at this time. *See Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008).

Mr. Grinage alleges that on December 20, 2019, he was at the Circle K store in Clarksville, Indiana when he "slip[ped] and f[e]ll because there (sic) rug moved on [him]," which caused Mr. Grinage to "fall hard to the ground." [Filing No. 1 at 2.]. As a result of the fall, Mr. Grinage was "transported to the Clark Memorial Hospital for lower back pain and pain in both knees." [Filing No. 1 at 2.] After leaving the hospital, Mr. Grinage "filed a report with there (sic) corporate store and Travel Insurance." [Filing No. 1 at 2.]

Mr. Grinage initiated this negligence action against Defendants "Circle K Store #820 Clarksville, IN" and "Travel Insurance." [Filing No. 1 at 2.] He seeks an award of $40,000 from Defendants for his injuries. [Filing No. 1 at 3.]

### C. Discussion

"Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[T]he party invoking federal jurisdiction bears the burden of demonstrating its existence," *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), but "it is always a federal court's responsibility to ensure it has jurisdiction," *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009). "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chicago*, 137

F.3d 474, 478 (7th Cir. 1998). As such, before delving into the substance of Mr. Grinage's claims, the Court must first determine whether it has jurisdiction to hear such claims.

"One circumstance in which federal courts have original jurisdiction is when the lawsuit is between 'citizens of different States' and the amount in controversy is over $75,000;" which is known as "diversity jurisdiction." *Hukic*, 588 F.3d at 427 (citing 28 U.S.C. § 1332(a)(1)). Mr. Grinage indicates that he is filing this case under diversity jurisdiction. [Filing No. 1 at 3.] He alleges that he is a citizen of Indiana. [Filing No. 1 at 1.] For Defendant Travel Insurance, he provides a P.O. Box in Dallas, Texas, and for Defendant Circle K Store #820, he identifies the city in which the Circle K store is physically located—"Circle K Store #820 Clarksville, IN 47129." [Filing No. 1 at 2].

Diversity jurisdiction requires that parties to a lawsuit be of diverse state citizenship, "that is, no plaintiff may be a citizen of the same state as any defendant." *Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006). While Mr. Grinage alleges that he is a citizen of Indiana, [Filing No. 1 at 1], he does not explicitly allege the state of citizenship of either Defendant, which for a business corporation, would include allegations about the companies' principal place of business and state of incorporation. *See* 28 U.S.C. § 1332(c)(1). He provides a Texas P.O. Box for Defendant Travel Insurance, [Filing No. 1 at 2], and lists the physical location in Indiana of Defendant Circle K Store #820, [Filing No. 1 at 2]. Liberally construing Mr. Grinage's Complaint to allege that Travel Insurance is a citizen of Texas and Circle K Store #820 is a citizen of Indiana, the parties are not diverse because Mr. Grinage alleges that both he and Defendant Circle K Store #820 are citizens of Indiana, and for diversity jurisdiction to exist, Mr. Grinage cannot be a citizen of the same state as any defendant. *See Cassens*, 430 F. Supp. 2d at 833.

In addition to diverse state citizenship, diversity jurisdiction also requires that the amount in controversy in the lawsuit "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For purposes of determining the amount in controversy, the demand in the complaint is persuasive. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) ("When the complaint includes a number, it controls unless recovering that amount would be legally impossible."). Mr. Grinage's Complaint alleges that "the amount of money at stake in this case (not counting interest and costs) is $40,000," an amount that is less than the required $75,000 minimum. [Filing No. 1 at 3.] Thus, the minimum amount in controversy required for diversity jurisdiction has not been met.

The Court concludes that it does not have jurisdiction over Mr. Grinage's claims because the allegations do not support the existence of diversity jurisdiction, nor does he allege conduct that could support a finding of federal-question jurisdiction. Mr. Grinage's Complaint is **DISMISSED WITHOUT PREJUDICE** to him refiling those claims in state court.[1]

### III.
#### CONCLUSION

For the reasons set forth above, Mr. Grinage's Motion to Proceed *In Forma Pauperis*, [2], is **GRANTED**. Mr. Grinage's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE** to him refiling his claims in state court. An order of dismissal shall issue accordingly.

---

[1] In instances in which a *pro se* plaintiff has failed to state a claim upon which relief can be granted, the Court ordinarily grants the *pro se* plaintiff time in which to file an amended complaint to correct deficiencies. However, in this instance, no amendment could correct the deficiency with Mr. Grinage's Complaint because it is jurisdictional. As such, the Court dismisses Mr. Grinage's claims without prejudice to him refiling them in state court.

Date: 11/19/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail to:**

Mr. Tyre Grinage
Clark County Jail
Inmate Mail/Parcels
501 East Court Avenue
Jeffersonville, Indiana 47130